## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

CURT PARRISH,

        Plaintiff,      CIVIL NO.: _____

v.

COLLECTION BUREAU                     **COMPLAINT**

OF AMERICA, LTD.,                 **JURY TRIAL DEMANDED**

        Defendant.

_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 et seq.

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Curt Parrish (hereinafter "Plaintiff"), is a natural person residing in the County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Collection Bureau of America, Ltd. (hereinafter "Defendant"), is a "debt collector," as defined by § 1692a(6) of the FDCPA, operating from an address of 25954 Eden Landing Road, Hayward, CA 94545.

## FACTUAL SUMMARY

6. Sometime prior to May 2011, upon information and belief, Defendant began calling Plaintiff's cell phone. Defendant left no messages. When Plaintiff attempted to answer the calls, no one was on the line.

7. On May 9, 2011, Plaintiff sent Defendant a letter by certified U.S. Mail. Plaintiff described the phone calls received from Defendant. Plaintiff requested Defendant cease and desist calling Plaintiff's cell phone. Plaintiff requested that any further communications from Defendant be "by mail only." Plaintiff requested that proof of any debt owed be mailed to Plaintiff's address.

8. The United States Postal Service sent Plaintiff notice confirming Defendant's receipt on May 16, 2011 of Plaintiff's Cease and Desist letter.

9. On May 18, 2011, at 6:55 PM, Plaintiff missed a call from Defendant. The call was placed on Plaintiff's cell phone. Defendant did not leave a message.

### Violation of the Fair Debt Collection Practices Act

10. The conduct of Defendant constitutes numerous violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(c), 1692d, 1692d(6), 1692e, 1692e(11), 1692g, 1692g(a), and 1692f amongst others.

## Violation of the Telephone Consumer Protection Act

11. The Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 prohibits the initiation of "any call using any automatic telephone dialing system. . . to any. . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

12. Plaintiff received multiple calls from Defendant. When Plaintiff answered, no voice responded. When Plaintiff did not respond, Defendant left no message.

13. There was no established business relationship between Plaintiff and Defendant that would permit or justify Defendant's use of an artificial or prerecorded voice in a message directed at Plaintiff's ex-husband.

14. Plaintiff never expressly consented to the use of prerecorded messages by Defendant. Rather, Plaintiff expressly requested that Defendant *cease* contacting his cell phone.

15. The conduct of Defendant is a violation of the TCPA, including but not limited to 47 U.S.C. §§ 227(b)(1)(A)(iii).

## Respondeat Superior Liability

16. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

17. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these

agents were authorized to perform by Defendant in collecting consumer debts.

18. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

19. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

20. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

21. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

**TRIAL BY JURY**

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

25. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II.

## VIOLATIONS OF THE FEDERAL TELEPHONE COMMUNICATIONS PROTECTION ACT

## 47 U.S.C. § 227 et seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendant and their agents constitute

numerous and multiple violations of the TCPA including, but not limited to, the above-cited provisions of the TCPA, 47 U.S.C. § 227 et seq., with respect to Plaintiff.

28. As a result of Defendant's violations of the TCPA, Plaintiff is entitled to enjoinment of any such further calls pursuant to 47 U.S.C. § 227(b)(3)(A); statutory damages up to $500 for each call pursuant to 47 U.S.C. § 227(b)(3)(B); and damages up to $1500 for each call made in either willful or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3) from Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

29. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

30. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

31. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

## COUNT II.

## VIOLATIONS OF THE FEDERAL TELEPHONE COMMUNICATIONS PROTECTION ACT

## 47 U.S.C. § 227 et seq.

32. For an order enjoining Defendant from making further automated calls to Plaintiff pursuant to 47 U.S.C. § 227(b)(3)(A) and for Plaintiff;

33. For an award of $500.00 in statutory damages per call from Defendant and attorney's fees and costs pursuant to 47 U.S.C. § 227(b)(3)(B) and for Plaintiff;

34. For an award of $1,500.00 in statutory damages per call constituting a willful or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

35. And for such other and further relief as may be just and proper.

MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  June 10, 2011

 s/ Mark L. Vavreck                                      .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com